1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2  MICHELLE LO (NYBN 4325163)
   Chief, Civil Division
3  ANDREW MAINARDI (CABN 338085)
4  Assistant United States Attorney

5      450 Golden Gate Avenue, 11th Floor
       San Francisco, California 94102
6      Telephone: (415) 436-7276
       Facsimile: (415) 436-6748
7      E-mail: andrew.mainardi@usdoj.gov
8  Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| PRO PUBLICA, INC., and A.C. THOMPSON, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION, <br><br> Defendant. | No. 3:22-cv-06710-MMC <br><br> **ANSWER OF DEFENDANT NATIONAL HIGHWAY TRAFFIC SAFETY ADMINISTRATION TO PLAINTIFFS' COMPLAINT** |

Defendant National Highway Traffic Safety Administration ("NHTSA" or "Defendant") hereby responds to the Complaint for Injunctive Relief ("Complaint") of Plaintiffs Pro Publica and A.C. Thompson ("Plaintiffs") as follows:[1]

**INTRODUCTION**

1.      The allegations in Paragraph 1 consist of Plaintiffs' characterization of this action and

---

[1] The headings and numbered paragraphs of this Answer correspond to the headings and numbered paragraphs of Plaintiffs' Complaint. Defendant does not waive any defensive theory or agree to or admit that Plaintiffs' headings are accurate, appropriate, or substantiated.

Case No. 3:22-cv-06710-MMC                                              1
DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

their reasons for bringing this action, to which no response is required. To the extent that a response is required, paragraph 1 references Defendant's research or publications and, as such, Defendant refers to those publications for a complete and accurate statement of their contents and denies all allegations inconsistent therewith.

2. The allegations in Paragraph 2 consist of Plaintiffs' characterization of this action and their reasons for bringing this action, to which no response is required. To the extent that any further response is required, paragraph 2 characterizes prior regulatory activity of federal agencies, including Defendant, and as such, Defendant refers to the agencies' published notices and statements regarding this activity for a complete and accurate statement of their contents and denies all allegations inconsistent therewith.

3. The allegations in Paragraph 3 consist of Plaintiffs' characterization of this action and their reasons for bringing this action, to which no response is required. To the extent that any further response is required, paragraph 3 characterizes Defendant's prior regulatory activities, and as such, Defendant refers to its published notices for a complete and accurate statement of their contents and denies all allegations inconsistent therewith.

4. The allegations in Paragraph 4 consist of Plaintiffs' characterization of this action and their reasons for bringing this action, to which no response is required. To the extent any further response is required, paragraph 4 characterizes Defendant's prior regulatory activities and publications of a third party, and as such, Defendant refers to its relevant notices and publications and to the third party for a complete and accurate statement of their contents and denies all allegations inconsistent therewith.

5. The allegations in Paragraph 5 consist of Plaintiffs' characterization of this action and their reasons for bringing this action, to which no response is required. To the extent any further response is required, paragraph 5 characterizes Defendant's prior regulatory activities and statements of a third party, and as such, Defendant refers to its relevant notices and publications and to the third party for a complete and accurate statement of their contents and denies all allegations inconsistent therewith.

6. The allegations in Paragraph 6 consist of Plaintiffs' characterization of this action and their reasons for bringing this action, to which no response is required. To the extent any further

response is required, paragraph 6 characterizes Defendant's prior regulatory activities and statements of a third party, and as such, Defendant refers to its relevant notices and publications and to the third party for a complete and accurate statement of their contents and denies all allegations inconsistent therewith.

7. The allegations in Paragraph 7 consist of Plaintiffs' characterization of this action, their FOIA Request, and their reasons for bringing this action, to which no response is required. To the extent any further response is required, Defendant admits that its FOIA public liaison officer received a FOIA request from Mr. Thompson on August 24, 2022 and that the agency has not yet provided a final response to this request. Defendant further refers the Court to the FOIA request for a complete and accurate statement of its contents and denies any allegations inconsistent therewith.

8. The allegations in Paragraph 8 consist of Plaintiffs' characterization of this action and their reasons for bringing this action, to which no response is required. To the extent any further response is required, Defendant admits that it has not yet provided a final response to Plaintiff's request but denies any wrongdoing with respect to the request or any other allegations in paragraph 8.

9. The allegations in Paragraph 9 contain Plaintiffs' legal characterization and conclusions regarding the Freedom of Information Act ("FOIA"), to which no response is required.  Defendant respectfully refers the Court to the relevant statute and cases for a complete and accurate statement of their contents and denies all allegations inconsistent therewith.

10. The allegations in Paragraph 10 consist of Plaintiffs' characterization of this action and their reasons for bringing this action, to which no response is required. To the extent any further response is required, Defendant denies the allegations in paragraph 10.

**PARTIES**

11. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis denies them.

12. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the allegations in paragraph 12, and on that basis denies them.

13. Defendant admits that Defendant NHTSA is an operating administration within the United States Department of Transportation, which is an agency of the United States Federal Government. Defendant respectfully refers the Court to the relevant statutes and regulations for a

complete and accurate description of Defendant's responsibilities. Defendant lacks information or knowledge sufficient to form a belief as to the truth of the final sentence in Paragraph 13, and on that basis denies them.

## JURISDICTION

14. Paragraph 14 contains Plaintiffs' legal conclusions regarding jurisdiction, to which no response is required. To the extent any further response is required, Defendant admits that this Court has jurisdiction over FOIA lawsuits subject to the terms and limitations of FOIA.

## VENUE

15. Paragraph 15 contains Plaintiffs' legal conclusions regarding venue, to which no response is required. To the extent any further response is required, Defendant states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 15, and on that basis denies them.

16. Paragraph 16 contains Plaintiffs' legal conclusions regarding intra-district assignment, to which no response is required. To the extent any further response is required, Defendant states that it lacks sufficient information or knowledge to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies them.

## FACTS

17. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 17 regarding Plaintiff Thompson's employment with ProPublica. For further response, Defendant admits that NHTSA's FOIA public liaison officer received a FOIA request from Mr. Thompson on August 24, 2022. To the extent Plaintiff Thompson purports to summarize the content of his FOIA request, Defendant admits only that the FOIA request is a document that speaks for itself as to its content and denies any allegations in Paragraph 17 that are inconsistent with its content.

18. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 18 regarding Plaintiff Thompson's employment as a staff reporter for ProPublica and correspondent for PBS. To the extent Plaintiff Thompson purports to summarize the content of his FOIA request, Defendant admits only that the FOIA request is a document that speaks for itself as to its content and denies any allegations in Paragraph 18 that are inconsistent with its content.

19. Defendant admits that the agency has not yet provided a final response to Plaintiff's request but denies any wrongdoing with respect to the request.

20. Paragraph 20 of the Complaint consists of legal conclusions to which no response is required. To the extent further response is required, Defendant denies that Plaintiffs are entitled to any relief in this matter.

## FIRST CAUSE OF ACTION – VIOLATION OF FOIA

21. Defendant repeats and incorporates herein the above answers to paragraphs 1 through 20 of the Complaint.

22. The allegations in Paragraph 22 consist of Plaintiffs' characterization of Plaintiff Thompson's FOIA request, to which no response is required. To the extent Plaintiff Thompson purports to summarize the content of his FOIA request, Defendant admits only that the FOIA request is a document that speaks for itself as to its content and denies any allegations in Paragraph 22 that are inconsistent with its content.

23. Defendant admits that the agency has not yet provided a final response to Plaintiff's request but denies any wrongdoing with respect to the request or that Plaintiffs are entitled to any relief in this matter. The remaining allegations of paragraph 23 of the Complaint consist legal conclusions to which no response is required. To the extent any further response is required, Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

The remainder of Plaintiffs' Complaint contains a request for relief, to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in the remainder of the Complaint and contends that Plaintiffs are not entitled to the requested relief or to any relief whatever.

## AFFIRMATIVE DEFENSES

In further answer to Plaintiffs' Complaint, and as separate and distinct defenses to its claims set forth in its Complaint, Defendant alleges the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint raises claims that are, or will become, moot.

**SECOND AFFIRMATIVE DEFENSE**

The FOIA request that is the subject of this lawsuit implicates certain information that is protected from disclosure by one or more statutory exemptions. Disclosure of such information is not required.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Defendant alleges or asserts matters not contained in a legally sufficient and timely administrative claim, this action is barred by a failure to exhaust administrative remedies.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over some or all of Plaintiffs' claims.

**SIXTH AFFIRMATIVE DEFENSE**

At all times alleged in the Complaint, Defendant was acting with good faith, with justification, and pursuant to authority.

**SEVENTH AFFIRMATIVE DEFENSE**

The Freedom of Information Act (FOIA) does not authorize the injunctive or declaratory relief requested.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant is in the process of completing its searches for, and releases of, any non-exempt, responsive records, or segregable portions thereof, in response to Plaintiffs' underlying request made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended.

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to Plaintiffs' Complaint become known throughout the course of the litigation.

**PRAYER FOR RELIEF**

WHEREFORE, having fully answered, Defendant respectfully requests that:

1.     Plaintiffs take nothing by way of their Complaint;

2.     Plaintiffs' Complaint be dismissed with prejudice;

3.     No injunctive relief be awarded to Plaintiffs;

4.     Defendant be awarded its costs of suit;

5.     Judgment be entered in favor of Defendant; and

6.     The Court grant such other and further relief as it may deem proper.

Respectfully submitted,

STEPHANIE HINDS
United States Attorney

DATED: December 16, 2022

*/s/ Andrew Mainardi*
ANDREW MAINARDI
Assistant United States Attorney
Attorneys for Defendant